[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14708
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00536-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMANUEL D. DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 17, 2020)

Before MARTIN, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Emanuel Dixon appeals the district court's denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").  After careful consideration, we affirm.

## I.

In 2009, Dixon was indicted on two counts of knowingly and willfully distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two) and one count of knowingly and willfully distributing crack cocaine within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) (Count Three). Dixon pled guilty to Count Three pursuant to a plea agreement.

The presentence investigation report ("PSR") prepared in Dixon's case reflected that he was responsible for a total of 2.6 grams of crack cocaine. The PSR designated Dixon as a career offender under U.S. Sentencing Guidelines § 4B1.1 and assigned him a total offense level of 31 and a criminal history category of VI. The PSR calculated Dixon's guideline range as 188- to 235-months imprisonment. On account of felony drug convictions from earlier in Dixon's life, his statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C) was 30-years imprisonment. And because Dixon distributed crack cocaine within 1,000 feet of a playground, this 30-year maximum was doubled under 21 U.S.C. § 860(a), for a maximum sentence of 60-years.

2

In 2010, the district court sentenced Dixon to 188-months imprisonment, to be followed by 12 years of supervised release. The remaining two counts of the indictment were dismissed, as provided in Dixon's plea agreement.

In 2014, the district court granted the government's motion to reduce Dixon's sentence to 151-months imprisonment, based on substantial assistance Dixon provided after his sentencing.

In 2019, Dixon filed a pro se motion in the district court to reduce his sentence.  Dixon first asked for relief under 18 U.S.C. § 3582(c) based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act").  Dixon then amended this motion to clarify that he sought relief under Section 404 of the First Step Act, which made Section 2 of the Fair Sentencing Act retroactively applicable to criminal defendants sentenced before August 3, 2010. See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Dixon also requested that the district court appoint him counsel. The district court appointed counsel for Dixon to assist him with his First Step Act claim.

The U.S. Probation Office prepared a memorandum on Dixon's eligibility for a sentence reduction under Section 404 of the First Step Act. The Probation Office concluded that Dixon was not eligible for relief under Section 404 because the offense of his conviction was not a "covered offense" as defined by that section. The memorandum stated that Sections 2 and 3 of the Fair Sentencing Act

3

reduced certain statutory criminal penalties, and Section 404 of the First Step Act extended these reductions to defendants sentenced before August 3, 2010. However, the memorandum explained that the statutory penalties for Dixon's offense of conviction in 21 U.S.C. §§ 841(b)(1)(C) and 860(a) were not modified by the Fair Sentencing Act of 2010. Thus, the Probation Office determined that Dixon was not convicted of a "covered offense" within the meaning of Section 404 of the First Step Act.

Dixon filed a counseled motion arguing that he was convicted of a covered offense within the meaning of Section 404, because "§ 2 of the Fair Sentencing Act created a new statutory offense—violations of § 841(b)(1)(C) involving less than 28 grams of cocaine base—thereby modifying the penalties" for his offense.

The government responded to Dixon's motion, arguing that the Probation Office correctly determined Dixon was ineligible for First Step Act relief because he was not convicted of a covered offense. The government also argued that, even if Dixon were eligible for a sentence reduction, his prison disciplinary history weighed against reducing his sentence.

The district court agreed with the government that Dixon was not convicted of a covered offense and held Dixon ineligible for resentencing under Section 404 of the First Step Act. The court also held that "even if Dixon were eligible, I would decline to reduce Dixon's term of imprisonment because of Dixon's continued

4

lawless behavior while imprisoned." For these reasons, the district court denied Dixon's motion to reduce his sentence. Dixon timely appealed.

## II.

This Court reviews <u>de novo</u> whether a district court had the authority to modify a term of imprisonment.  <u>United States v. Jones</u>, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act.  <u>Id.</u>

## III.

Dixon argues that he is eligible to be resentenced under Section 404 of the First Step Act because he was convicted of a "covered offense."

Section 404 defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  <u>Id.</u> § 404(a).  Dixon argues that the penalty for his offense under 21 U.S.C. §§ 841(b)(1)(C) was modified by the Fair Sentencing Act.

The Fair Sentencing Act changed the mandatory minimum sentencing scheme for crack cocaine offenses in order to reduce the sentencing disparity between crack and powder cocaine offenses.  See <u>Dorsey v. United States</u>, 567 U.S. 260, 268–69, 132 S. Ct. 2321, 2328–29 (2012).  Section 2 of the Fair

5

Sentencing Act increased the amount of crack cocaine triggering a 10-year mandatory minimum sentence under § 841(b)(1)(A)(iii) from 50 grams to 280 grams.  Fair Sentencing Act § 2(a)(1).  It also increased the amount of crack cocaine necessary to trigger a 5-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams.  Id. § 2(a)(2).

Dixon says Section 2 of the Fair Sentencing Act changed the penalty for his offense of conviction, so he is entitled to relief. But the penalty for Dixon's offense was not set by §§ 841(b)(1)(A)(iii) or (B)(iii), but by § 841(b)(1)(C).[1]  Section 841(b)(1)(C) sets the penalty for offenses involving unspecified amounts of crack cocaine, separately from the 5-year and 10-year mandatory minimum amounts set in §§ 841(b)(1)(A) and 841(b)(1)(B).  See 21 U.S.C. § 841(b)(1)(C) (governing crack cocaine offenses "except as provided in subparagraphs (A) [and] (B)").  For this reason, Dixon argues that 21 U.S.C. § 841(b)(1)(C) "incorporates by reference the changes to 21 U.S.C. § 841(b)(1)(A) and (B) made by the [Fair Sentencing Act]" and thus "§ 841(b)(1)(C) violations plainly qualify as covered offenses."

However, this Court has held that §§ 841(b)(1)(A)(iii) and (B)(iii) "are the only provisions that the Fair Sentencing Act modified."  Jones, 962 F.3d at 1300.  For this reason, Jones held that if a First Step Act "movant's offense triggered the

---

[1] The penalty for Dixon's offense was also determined by 21 U.S.C. § 860(a), which doubled his statutory maximum sentence from 30 to 60 years.  This penalty was not modified by Sections 2 or 3 of the Fair Sentencing Act.  See Fair Sentencing Act §§ 2, 3.

higher penalties in section 841(b)(1)(A)(iii) or (B)(iii) . . . the movant committed a covered offense." Id. at 1301.  Dixon acknowledges that the penalty for his offense was set by § 841(b)(1)(C) and he was not subject to the higher penalties in §§ 841(b)(1)(A)(iii) or (B)(iii). Thus, under this Court's precedent, Dixon was not sentenced for a "covered offense" within the meaning of Section 404 of the First Step Act.  For this reason, the district court correctly held that Dixon is ineligible for a sentence reduction under Section 404.

Even if Dixon were eligible for First Step Act relief, we would be constrained to affirm the district court.  The court stated that, if it had authority to reduce Dixon's sentence, it would not exercise its discretion to do so because of Dixon's prison disciplinary record.

Section 404 of the First Step Act provides that a court "may . . . impose a reduced sentence," but makes clear that "[n]othing in this section shall be construed to require a court to reduce any sentence."  First Step Act, § 404(b), (c) (emphases added).  "District courts have wide latitude to determine whether and how to exercise their discretion in this context."  Jones, 962 F.3d at 1304 (interpreting Section 404(c) of the First Step Act).  The district court did not abuse its discretion by denying Dixon's motion to reduce his sentence on this basis.  See United States v. Denson, 963 F.3d 1080, 1085, 1089 (11th Cir. 2020) (affirming a

7

sentence reduction under Section 404 of the First Step Act, where the district court considered the movant's prison disciplinary record).

**AFFIRMED.**